CLERK OF THE
DISTRICT COURT
KRISTIE LEE BOELTER

2016 AUG 4 AM 8 18

FILED
BY ____HB____ ①
DEPUTY

Jon M. Moyers
MOYERS LAW P.C.
490 N. 31 St., Suite 101
Billings, Montana 59101
Telephone: (406) 655-4900
Facsimile: (406) 655-4905
jon@jmoyerslaw.com

Kathryn M. Kohn
KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, Minnesota 55439
612-597-3899
888-519-3472 fax
kohnkathryn1@gmail.com

Attorneys for Plaintiff

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY**

| | |
|---|---|
| SCOTT LEE,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>Defendant. | Cause No. DV 16-1078<br><br>JUDGE MARY JANE KNISELY<br><br>**COMPLAINT AND JURY DEMAND**<br><br>120/126164 |

COMES NOW Plaintiff SCOTT LEE, by and through his undersigned attorneys of record, Jon M. Moyers and Kathryn Kohn Troldahl, and for his cause of action against Defendant BNSF RAILWAY COMPANY ("BNSF"), alleges as follows:

1. Plaintiff is, and at all relevant times herein, was a citizen of the State of Montana.

2. BNSF is a Delaware corporation which operates as a common carrier by railroad, engaged in interstate commerce, qualified to do business within the State of Montana, conducting business, including operating a line of trackage in the County of Cascade, State of

Complaint And Jury Demand
Page 1

MOYERS LAW P.C.
490 N. 31 St., Suite 101
Billings, Montana 59101
Telephone: (406) 655-4900
Facsimile: (406) 655-4905

1  Montana.

2  3. Jurisdiction is proper under the Federal Employers' Liability Act ("FELA") 45
3  U.S.C. sec. 51 *et seq.*

4  4. Venue is proper under 45 U.S.C. sec. 56.

5  5. Plaintiff has brought suit under the FELA to recover damages for personal
6  injuries sustained by him while employed by BNSF, and while engaged in interstate commerce.

7  6. Plaintiff has been employed with BNSF since 1976.

8  7. At the time of the subject injuries, Plaintiff was working as a hostler in BNSF's
9  mechanical department in Glendive, Montana.

10 8. At all times material hereto, Plaintiff's employment with BNSF was in
11 furtherance of and in connection with interstate commerce, and by reason thereof the rights and
12 liabilities of the parties were and are governed by the FELA.

13 9. Under the FELA, BNSF owed Plaintiff a non-delegable and continuous duty to
14 provide him with a reasonably safe place to work, including safe and suitable tools, equipment,
15 materials, machinery, and appliances for the work assigned to him.

16 10. Under the FELA, Defendant owed Plaintiff a duty to comply with all federal
17 regulations, including all federal regulations related to handbrakes. Defendant owed Plaintiff a
18 duty to ensure that the handbrake he set and released was safe, efficient, operable, and in
19 suitable condition for service. *See* 49 CFR Part 232, Subpart B; and 49 CFR §§ 229.7 and
20 229.45 and 229.46 *et seq.*

21 11. Under the FELA, Defendant is liable to Plaintiff for the negligent acts of its
22 employees and agents.

23 12. Under the FELA, Plaintiff had the right to assume that Defendant had exercised

24 Complaint And Jury Demand
   Page 2
25

ordinary care in furnishing him with a reasonably safe place to work, and he properly acted upon that assumption for the work assigned to him at the time of the events at issue.

## COUNT I

13. On or about August 12, 2013, Plaintiff was working for BNSF as a hostler in Glendive, Montana when he was caused to suffer injury when attempting to release a locomotive handbrake.

14. The handbrake was unsafe, defective, not in proper working order or failed to work as intended, and failed to comply with federal law and BNSF's mechanical standards.

15. Plaintiff immediately reported the handbrake to Defendant.

16. At first Plaintiff believed he had suffered only a mild muscle sprain but subsequent diagnostic studies revealed significant and permanent disc injuries that required medical care, including surgery.

17. Plaintiff was thereafter unable to continue to perform the necessary job requirements.

18. Defendant never asserted that Plaintiff was responsible for his injury, claimed that he had violated any company rules, or conducted any fact finding investigation into any rules infraction.

19. BNSF knew or should have known that the job tasks assigned to Plaintiff, as well as to other similarly assigned workers, were the type that could cause injury..

20. BNSF knew or should have known that unsafe and unsuitable handbrakes would cause injury to Plaintiff.

21. BNSF knew from prior injury claims that unsafe and unsuitable handbrakes had caused injury to the shoulders and spine.

Complaint And Jury Demand
Page 3

MOYERS LAW P.C.
490 N. 31 St., Suite 101
Billings, Montana 59101
Telephone: (406) 655-4900
Facsimile: (406) 655-4905

22. As a result of BNSF's negligence, Plaintiff has suffered injuries that have required medical treatment, including surgery, and may place him at risk of future injury.

23. The above described injuries were proximately caused by the negligence of BNSF and its employees, in breach of Defendant's duty to Plaintiff. Such negligence includes, but is not limited to:

   a. BNSF failed to exercise due care in providing Plaintiff with a reasonably safe and healthy work environment; and/or

   b. BNSF failed to provide Plaintiff with reasonably safe equipment, tools, machinery and personnel to perform his job without suffering injuries including failing to provide safe and suitable handbrakes; and/or

   c. BNSF failed to take reasonably adequate precautionary steps to protect Plaintiff from reasonably foreseeable dangers associated with his work; and/or

   d. BNSF failed to adopt, install, implement and enforce safe methods and procedures for Plaintiff's assigned work; and/or

   e. BNSF failed to comply with accepted industry standards, its own policies and procedures, and federal regulations.

24. Prior to his injuries, Plaintiff was a strong, able-bodied man capable of performing the full range of duties associated with his employment.

25. Plaintiff's injury is not barred by the applicable statute of limitations or by any release.

26. Plaintiff was not contributory negligent in causing his injuries.

27. Plaintiff's injury cannot be attributed to any non-occupational factors.

28. As a result, in whole or in part, of one or more of the foregoing negligent acts or omissions, Plaintiff has sustained severe and permanent injuries to his right shoulder, has and will suffer pain and suffering, suffer mental and emotional damages, loss of enjoyment of life, loss of established course of living, and loss of household services. Also, Plaintiff has lost and

Complaint And Jury Demand
Page 4

MOYERS LAW P.C.
490 N. 31 St., Suite 101
Billings, Montana 59101
Telephone: (406) 655-4900
Facsimile: (406) 655-4905

may lose wages and fringe benefits, may suffer diminished earning capacity and decreased vocational opportunities, may suffer inability to pursue an occupation, has incurred past and may incur future medical bills from necessary medical treatment, and may face diminished work life and life expectancy.

## COUNT II – LOCOMOTIVE INSPECTION ACT

29. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

30. Due to Defendant's failure to provide a safe and suitable handbrake, Defendant violated Title 49, Sections 20701 *et seq.* of the United States Code commonly known and referred to as the Locomotive Inspection Act and under the terms of said Act this Court has jurisdiction.

31. The locomotive was owned, controlled, maintained, inspected and serviced by Defendant at all times relevant.

32. Under the Federal Locomotive Inspection Act, Defendant had an absolute duty to provide a locomotive free of all safety hazards, in full and complete compliance with the Code of Federal Regulations. These federal regulations were and are minimum safety standards for all locomotives. 49 USC § 20701.

33. Under this law, Defendant had an absolute duty to have provided Plaintiff a locomotive whose parts and appurtenances were "in proper condition and safe to operate without unnecessary danger of personal injury." *Id.*

34. Under federal law, Defendant had an absolute duty to have provided Plaintiff a locomotive "free of conditions that endanger the safety of the crew, locomotive or train." 49 CFR 229.45.

Complaint And Jury Demand
Page 5

MOYERS LAW P.C.
490 N. 31 St., Suite 101
Billings, Montana 59101
Telephone: (406) 655-4900
Facsimile: (406) 655-4905

35. Defendant knew or should have known of the defective condition of the locomotive handbrake prior to the subject accident.

36. Defendant's violation of the Locomotive Inspection Act in whole or in part contributed to injure Plaintiff, both externally and internally, with resultant past, present and future, physical pain, mental anguish, loss of the enjoyment of life, and disability; has caused Plaintiff to incur and continue to incur funds for necessary and reasonable medical care; and has caused Plaintiff to suffer lost wages and a loss of earning capacity, both of which will continue into the future.

37. In one or more of the following ways, Defendant breached its duty to Plaintiff and violated the Locomotive Inspection Act and FELA:

    a. Defendant failed to ensure that the locomotive handbrake was in proper working condition and safe to operate;

    b. Defendant failed to properly test or inspect the locomotive to ensure that it was in a safe working condition;

    c. Defendant failed to ensure that the locomotive complied with its safety standards and guidelines for a locomotive handbrake; and/or,

    d. Defendant failed to comply with applicable federal law.

38. Plaintiff suffered immediate injury from the defective and unsafe locomotive seat, which has required substantial, extensive, and expensive medical treatment, including surgery.

39. As a result, in whole or in part, of one or more of the foregoing negligent acts or omissions, Plaintiff has sustained severe and permanent injuries to his right shoulder, has and will suffer pain and suffering, suffer mental and emotional damages, loss of enjoyment of life, loss of established course of living, and loss of household services. Also, Plaintiff has lost and may lose wages and fringe benefits, may suffer diminished earning capacity and decreased

Complaint And Jury Demand
Page 6

MOYERS LAW P.C.
490 N. 31 St., Suite 101
Billings, Montana 59101
Telephone: (406) 655-4900
Facsimile: (406) 655-4905

vocational opportunities, may suffer inability to pursue an occupation, has incurred past and may incur future medical bills from necessary medical treatment, and may face diminished work life and life expectancy.

## COUNT III – FEDERAL SAFETY APPLIANCE ACT

40. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

41. Due to Defendant's failure to provide a safe and suitable handbrake, Defendant violated Title 49, Sections 20302 *et seq.* of the United States Code commonly known and referred to as the Federal Safety Appliance Act and under the terms of said Act this Court has jurisdiction.

42. Under that Act, Defendant had an absolute duty to provide a locomotive free of all safety hazards, including safe and efficient handbrakes.

43. Defendant knew or should have known of the inefficient and unsafe condition of the locomotive handbrake prior to the subject accident.

44. Defendant's violation of said Act in whole or in part contributed to injure Plaintiff, both externally and internally, with resultant past, present and future, physical pain, mental anguish, loss of the enjoyment of life, and disability; has caused Plaintiff to incur and continue to incur funds for necessary and reasonable medical care; and has caused Plaintiff to suffer lost wages and a loss of earning capacity, both of which will continue into the future.

45. In one or more of the following ways, Defendant breached its duty to Plaintiff and violated the Federal Safety Appliance Act and FELA:

    a. Defendant failed to ensure that the locomotive handbrake was in proper working condition and safe to operate;

Complaint And Jury Demand
Page 7

MOYERS LAW P.C.
490 N. 31 St., Suite 101
Billings, Montana 59101
Telephone: (406) 655-4900
Facsimile: (406) 655-4905

    b.    Defendant failed to properly test or inspect the locomotive to ensure that it was in a safe working condition;

    c.    Defendant failed to ensure that the locomotive complied with its safety standards and guidelines for a locomotive handbrake; and/or,

    d.    Defendant failed to comply with applicable federal law.

46. Plaintiff suffered immediate injury from the inefficient and unsafe locomotive seat, which has required substantial, extensive, and expensive medical treatment, including surgery.

47. As a result, in whole or in part, of one or more of the foregoing negligent acts or omissions, Plaintiff has sustained severe and permanent injuries to his right shoulder, has and will suffer pain and suffering, suffer mental and emotional damages, loss of enjoyment of life, loss of established course of living, and loss of household services. Also, Plaintiff has lost and may lose wages and fringe benefits, may suffer diminished earning capacity and decreased vocational opportunities, may suffer inability to pursue an occupation, has incurred past and may incur future medical bills from necessary medical treatment, and may face diminished work life and life expectancy.

## COUNT IV – STRICT LIABILITY

48. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

49. Due to Defendant's failure to provide a safe and suitable handbrake, Defendant is strictly liable under Section 53 of the FELA.

50. Due to Defendant's violation of federal safety regulations, Defendant is strictly liable under Section 53 of the FELA.

51. As a result, in whole or in part, of one or more of the foregoing negligent acts or

Complaint And Jury Demand
Page 8

MOYERS LAW P.C.
490 N. 31 St., Suite 101
Billings, Montana 59101
Telephone: (406) 655-4900
Facsimile: (406) 655-4905

omissions, Plaintiff has sustained severe and permanent injuries to his right shoulder, has and will suffer pain and suffering, suffer mental and emotional damages, loss of enjoyment of life, loss of established course of living, and loss of household services. Also, Plaintiff has lost and may lose wages and fringe benefits, may suffer diminished earning capacity and decreased vocational opportunities, may suffer inability to pursue an occupation, has incurred past and may incur future medical bills from necessary medical treatment, and may face diminished work life and life expectancy.

## COUNT V

52. Plaintiff incorporates herein all allegations pleaded previously as if fully set out herein.

53. Plaintiff attempted to settle his case with BNSF before suit was commenced, to no avail; instead, BNSF Claims Department told Plaintiff to "sue us." Thereafter, BNSF refused to compensate him for his injury and resulting lost wages.

54. Under Montana law, Defendant had the duty to have conducted a timely and reasonable investigation into Plaintiff's work injury and attempted in good faith to effectuate prompt, fair, and equitable settlement of the claim where, as here, liability is reasonably clear. Instead of complying with its legal duty, BNSF forced Plaintiff to file suit under the FELA.

55. The FELA is to be liberally construed in favor of the injured worker, based on the humanitarian purpose behind the FELA. See *CSX Transp., Inc. v. Miller*, 858 A.2d 1025, 1028-29, 1037-38 (Md. Ct. App. 2004) (summarizing key U.S. Supreme Court FELA cases and providing an excellent discussion of the history and purpose behind the FELA):

> The impetus for the FELA was that throughout the 1870's, 1880's, and 1890's, thousands of railroad workers were being killed and tens of thousands were being maimed annually in what came to be increasingly seen as a national tragedy, if not a national scandal.

MOYERS LAW P.C.
490 N. 31 St., Suite 101
Billings, Montana 59101
Telephone: (406) 655-4900
Facsimile: (406) 655-4905

***

Justice Douglas paraphrased President Theodore Roosevelt, a staunch and early champion of the FELA, in declaring that a national law was needed that "was designed to put on the railroad industry some of the cost for the legs, eyes, arms, and lives which it consumed in its operations."

*Miller*, 858 A.2d at 1029, 1030. The FELA was designed to shift the "'human overhead' of doing business from employees to their employers." *Miller*, 858 A.2d at 1030 (quoting *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 542 (1994)).

56. The Montana Supreme Court in *Bevacqua v. Union Pacific*, 1998 MT 120 ¶ 49, 289 Mont. 36, 50-51, 960 P.2d 273, 281 (1998) agreed:

> The United States Supreme Court has repeatedly held that FELA is to be given a liberal construction in favor of injured railroad workers so that it may accomplish the humanitarian and remedial purposes intended by Congress. This Court has followed federal case law in giving a liberal construction to FELA in favor of injured railroad workers.

57. Given the liberal standard for recovery for injured workers under the FELA, Defendant was obligated to have provided Plaintiff a fair, equitable and prompt resolution of his claim, and not employed a litigation and claims strategy designed to avoid its duty under the FELA.

58. Defendant's failure to resolve Plaintiff's claim is part of a pattern and practice of Defendant to increase the time and expense of litigation for injured workers and thereby deprive them of compensation under federal law.

59. By refusing to advance pay his lost wages and compensate him for his injury, Defendant has violated the Montana Unfair Claims Practices Act (Sec 33-18-201, MCA, *et seq.*; *Reidelebach v. BNSF*, 2002 MT 289; *O'Fallon v. Farmers Ins. Exch.*, 260 Mont. 233, 859 P.2d 1008 (1993)), including:

    a. Failing to promptly respond to communications from Plaintiff; and/or,

Complaint And Jury Demand
Page 10

MOYERS LAW P.C.
490 N. 31 St., Suite 101
Billings, Montana 59101
Telephone: (406) 655-4900
Facsimile: (406) 655-4905

b. Failing to implement and develop reasonable standards for the prompt investigation of claims; and/or,

c. Failing to effectuate prompt, fair and equitable settlement of Plaintiff's claim; and/or,

d. Failing to provide a reasonable explanation for the denial of claims or the failure to offer a compromise settlement.

60. By failing to timely and properly resolve Plaintiff's claim, Defendant has also violated 39-2-703, MCA.

61. As a consequence of Defendant's violation of the Montana Unfair Claims Practice Act and 39-2-703, MCA, Plaintiff has suffered compensatory damages for the unpaid wages and compensation, plus pre-judgment interest; emotional distress; and other damages provided for under the law.

WHEREFORE, Plaintiff SCOTT LEE hereby requests that the court and jury award all damages which are reasonable under the circumstances and allowed by law, as set forth herein.

PLAINTIFF DEMANDS TRIAL BY JURY.

Dated this 4th day of August, 2016.

MOYERS LAW P.C.

By:_____
Jon M. Moyers
Attorney for Plaintiff

Complaint And Jury Demand
Page 11

MOYERS LAW P.C.
490 N. 31 St., Suite 101
Billings, Montana 59101
Telephone: (406) 655-4900
Facsimile: (406) 655-4905